# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                                 )
      v.                        )
                                 )  I.D. Nos.  2109011557
                                 )                2105014511
DEANDRE J. CHRISTOPHER,    )                1912028570
                                 )                2005006266
        Defendant.        )

## ORDER

Submitted: January 30, 2023
Decided: April 17, 2023

**AND NOW TO WIT,** this 17th day of April 2023, upon consideration of Deandre J. Christopher ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On December 7, 2021, Defendant pled guilty to Stalking, Non-Compliance with Bond Conditions (felony), Reckless Endangering Second Degree, Offensive Touching, and Non-Compliance with Bond Conditions (unclassified).[1] On March 11, 2022, Defendant was sentenced to: (1) for Stalking, three years at Level V, suspended after nine months, for one year at Level III, with GPS monitoring; (2) for Non-Compliance with Bond Conditions (felony), two years at Level V, suspended for one year at Level II, with GPS monitoring; (3) Reckless

---

[1] Crim. I.D. No. 2105014511, D.I. 3.

Endangering Second Degree, one year at Level V, suspended after six months, for one year at Level III, with GPS monitoring; (4) for Offensive Touching, thirty days at Level V, suspended for one year at Level III, with GPS monitoring; and (5) for Non-Compliance with Bond Conditions (unclassified), a fine in the amount of $500.00.[2]

2.      On January 20, 2023, Defendant filed a Motion for Modification of his Sentence asking the Court to remove GPS monitoring.[3]   In support of his request, he asserts that removing a GPS monitoring condition will help him to be able to succeed as a truck driver.[4]   The Court also received a letter from Jaden McKinley, Director/CEO of American Driver Training Academy, Inc., commending Defendant's performance in a re-entry program offered by the same company through DOC.[5]

3.      The Court acknowledges and commends Defendant's successful performance in the transitioning program.   Defendant's sentence, however, was imposed pursuant to a Plea Agreement between the State and Defendant that included conditions to include GPS monitoring.[6]

4.      Due to the nature of the charges—including Stalking and Non-Compliance with Bond Conditions—the sentence was and remains appropriate for

---

[2] Crim. I.D. No. 2105014511, D.I. 4.
[3] Crim. I.D. No. 2105014511, D.I. 6.
[4] *Id.* (explaining in detail that removing GPS monitoring will enable Defendant to participate in a six-week training program, drive interstate and intrastate, perform overnight driving assignments, and get new jobs).
[5] *Id.* (attaching the letter from Jaden McKinley).
[6] *See* Crim. I.D. No. 2105014511, D.I. 4.

all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that the Motion for Modification of Sentence is

**DENIED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Department of Justice
       Investigative Services Office